REQUESTED BY: Avery L. Gurnsey, Rock County Attorney, Rock County Courthouse, Bassett, NE 68714
Does a weigh-wagon fall within the definition of a `motor vehicle' for purposes of taxation and licensing?
Does a stackmover fall within the definition of a `motor vehicle' for purposes of taxation and licensing?
No.
Yes.
 1.
First, you have inquired whether a weigh-wagon is a `motor vehicle' for purposes of registration and taxation. Neb.Rev.Stat. § 60-302 (Reissue 1984) provides in part that `no motor vehicle, trailer, semitrailer, or cabin trailer, unless otherwise expressly provided shall be operated on the highways of this state unless such vehicle is registered in accordance with the provisions of this act.' Neb.Rev.Stat. 60-301(1) (Reissue 1984) defines the term `motor vehicle' as follows for purposes of motor vehicle registration:
 Motor vehicles shall include all vehicles propelled by any power other than muscular power, except mopeds, farm tractors, self-propelled equipment designed and used exclusively to carry and apply fertilizer, chemicals, or related products to agricultural soil and crops, and other implements of husbandry designed for and used primarily for tilling the soil and harvesting crops or feeding livestock. . . .
It is our understanding that a weigh-wagon is an item of equipment which is used to weigh harvested crops to determine the yield per acre of the crop. For purposes of this opinion, a weigh-wagon shall be defined as a wagon which is pulled behind a tractor as it is transported from field to field and is neither intended nor constructed to move while loaded, but, rather, serves to determine the yield per acre of the crop in the field itself. A weigh-wagon is not a `motor vehicle' as defined in Neb.Rev.Stat. § 60-301(1) because it is not a propelled vehicle.
It must be noted that a weigh-wagon also is not a `trailer' which would need to be registered under Neb.Rev.Stat. § 60-302 (Reissue 1984). Section 60-301(4) defines `trailer' as follows:
 Trailer shall include every vehicle without motor power carrying persons or property and being pulled by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle.
Under the definition contained in § 60-301(4), a weigh-wagon is not a `trailer' as it is not used to carry persons or property. As a weigh-wagon is neither a `motor vehicle' nor a `trailer', it need not be registered pursuant to Neb.Rev.Stat. § 60-302.
With regard to the matter of taxation, Neb.Rev.Stat. 77-202(6) (Supp. 1984) provides in part that exemption from taxation shall be given to:
 (1) Agricultural income-producing machinery and equipment, except (a) motor vehicles. . .
In Attorney General Opinion No. 224, dated March 29, 1978, this office concluded that `any vehicle which fits the description of a motor vehicle under section 60-301 is a motor vehicle, as contemplated by section 77-202.25 now 77-202(6). . . .' That conclusion was affirmed and expanded in Opinion No. 190, dated January 8, 1980, when this office stated that `we are also of the opinion that any vehicle excluded under the definition of section 60-301 is not a motor vehicle as contemplated by section 77-205.25 now 77-202(6)'. As a weigh-wagon is not a motor vehicle as defined in § 60-301(1), it is entitled to exemption from taxation under § 77-202(6).
 2.
Second, you have inquired whether a stackmover is a `motor vehicle' for purposes of registration and taxation. The term `stackmover', as used in this opinion, means a flatbed truck which transports haystacks. As such, it does not fall within any of the exceptions enumerated in 60-301(1), and is, therefore, a motor vehicle. A stackmover must be registered pursuant to § 60-302. Likewise, as a stackmover is a motor vehicle, it will not qualify for the exemption under § 77-202(6), and is subject to being taxed.
Very truly yours,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General
APPROVED:
Robert M. Spire
Attorney General